540 So.2d 1288 (1989)
STATE of Louisiana
v.
Jon WEILAND.
No. 88-KA-751.
Court of Appeal of Louisiana, Fifth Circuit.
March 15, 1989.
*1289 John M. Mamoulides, Andrea Price, Dorothy A. Pendergast, Dist. Attorney's Office, Gretna, for plaintiff-appellee.
Martha E. Sassone, Indigent Defender Board, Gretna, for defendant-appellant.
Before GAUDIN, DUFRESNE and GRISBAUM, JJ.
GAUDIN, Judge.
Appellant Jon Weiland was convicted of the March 16, 1986 first degree murder of Kevin Skipper and sentenced to life in prison without benefit or parole, probation or suspension of sentence. The jury's guilty verdict was unanimous. We affirm.
Weiland on appeal assigns six district court errors:
(1) he (Weiland) was denied his constitutional right to an impartial jury and thereby prejudiced because the prosecution was allowed to exclude potential jurors opposed to the death penalty;
(2) defense counsel's request for jurors' rap sheets was wrongly denied;
(3) the trial judge erred in denying the defendant's motion for limited voir dire;
(4) the evidence was insufficient to justify the guilty verdict;
(5) gruesome photographs of the victim were prejudicially admitted into evidence; and
(6) the sentence was excessive.
Also, appellant asks that this Court examine the record for errors patent. We found no substance in the assigned errors.

THE CRIME
On the evening of the murder, Weiland and a friend, Leroy Foret, went to a lounge where they met Skipper and a friend of the victim. They played pool, drank beer and then went to a trailer home where they smoked marijuana. Weiland, Foret and Skipper then left in a blue van and drove to another lounge. There, Weiland and Foret discussed robbing Skipper.
After leaving this lounge, the three drove around, purchased more beer at a Time Saver store and drove to the PARD playground. Police sergeant Tom Tizzard, responding to a disturbance call because of loud music, went to the playground where he had Weiland, Foret and Skipper exit the van. Weiland, on request, produced his Louisiana driver's license. After talking with the three men, Sgt. Tizzard permitted them to leave at approximately 3 a.m.
About an hour later, Sgt. Tizzard was informed by police radio that a blue van had been found with a fatally stabbed person inside. The police officer went to the scene and identified the van as the one he had seen earlier at the playground.
Foret testified that after leaving the playground, he, Weiland and Skipper drove to a place identified as Glissen Boat Launch. At the boat launch site, Foret said that Weiland stabbed Skipper while both were in the van. Skipper then tried to escape but Weiland continued stabbing at him outside of the van. The victim tried running away but he collapsed and died a short distance from the vehicle.
Weiland tossed the knife into the bayou and then he and Foret put Skipper's body in the van. Weiland and Foret were later arrested.

*1290 ASSIGNMENT NO. 1
In this assignment of error, Wieland claims his Sixth Amendment right to a fair and impartial jury was violated by the exclusion of jurors opposed to the death penalty. Current law, however, permits exclusion of such jurors. See Lockhart v. McCree, 476 U.S. 162, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986) and State v. Bates, 495 So.2d 1262 (La.1986).

ASSIGNMENT NO. 2
Here, Weiland complains because his request for the rap sheets of prospective jurors was denied by the trial judge. A defendant is not entitled to this information. In State v. Jackson, 450 So.2d 621 (La.1984), the Supreme Court of Louisiana stated at page 628:
"The criminal records of prospective jurors may be useful to the state in its desire to challenge jurors with inclinations or biases against the state. But they are not pertinent to the purpose of defendant's voir dire: to challenge jurors whom defendant believes will not approach the verdict in a detached and objective manner. Whatever the practical desire of trial counsel, the recognized purpose of full voir dire is not to pack the jury with persons favorable to the defendant or to the state. Under the circumstances of this case, defendant was not entitled to disclosure of the criminal records. Hence, the trial judge did not err in denying defendant's motion for disclosure."
Weiland's reliance on LSA-C.Cr.P. art. 799, State v. Holmes, 347 So.2d 221 (La. 1977) and other cases is misplaced.

ASSIGNMENT NO. 3
During voir dire, the defendant moved to exclude from the courtroom those prospective jurors not being questioned. In allowing the others to remain, Weiland argues, the trial judge permitted them to prepare their answers.
LSA-C.Cr.P. art. 786 reads:
"The court, the state, and the defendant shall have the right to examine prospective jurors. The scope of the examination shall be within the discretion of the court. A prospective juror, before being examined, shall be sworn to answer truthfully questions asked him relative to his qualifications to serve as a juror in the case."
The scope of the voir dire examination is within the sound discretion of the trial judge and his rulings will not be disturbed unless there was a clear abuse of that discretion. See State v. Stucke, 419 So.2d 939 (La.1982) and State v. Copeland, 419 So.2d 899 (La.1982), where the Supreme Court said at page 907:
"... there is no provision of law which either prohibits or requires the sequestration of prospective jurors so as to facilitate conducting individual voir dire. A capital case does not create a per se exceptional circumstance, without a need for a further showing, to prove a need for an individual voir dire ...
"In the absence of a showing that the particular voir dire in this case would not ensure defendant a fair trial, the defendant herein is in no position to complain..."
Weiland suggests that jurors wishing to be excused could listen to and adopt answers of jurors who were excused. Appellant says, in his brief, that "... a number of jurors were excused and the denial of defense counsel's motion may very well have contributed to those excusals."
This showing does not meet State v. Copeland, supra, requirements. We carefully examined the voir dire segment of Wieland's trial. While it is true that some jurors were excused, as is normally the case, there was no indication that the defendant was in any way prejudiced by the dismissals.
ASSIGNMENT NO. 4
Citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and State v. Raymo, 419 So.2d 858 (La.1982), appellant believes that the evidence supporting the verdict was not legally sufficient.
At trial, despite Foret's seriously adverse testimony and other evidence against him, Weiland tried to establish an alibi defense. *1291 Foret, incidentally, had pled guilty to a reduced charge of manslaughter and received a 21-year sentence. Testimony regarding the plea agreement was presented to Weiland's jurors.
The jury weighed the credibility of the witnesses and found for the state. It is neither our inclination nor function to substitute our evaluation of witnesses for the jury's. The prosecution's evidence, if believed, supports the first degree murder conviction.
First degree murder, LSA-R.S. 14:30, is the killing of a human being when the offender has specific intent to kill or to inflict great bodily harm and the offender is engaged in the perpetration of armed robbery (or several other listed offenses). Here, the testimony, particularly Foret's, proves beyond a reasonable doubt that Weiland, armed with a knife, killed and robbed Skipper.

ASSIGNMENT NO. 5
Thirteen photographs of the victim are in evidence. While these pictures are not pretty, they prove Skipper's identity and they do show the multiple stab wounds which caused him to bleed to death. One photograph is of the victim as he was found in the van. We cannot say, nor did the trial judge, that the possible prejudicial effect upon the jury outweighed the probative value.

ASSIGNMENT NO. 6
This final assignment of error relates to the excessiveness of the sentence. Weiland does not give any specific reasons why his sentence is excessive. Louisiana courts have consistently held that in first degree murder cases, life in prison without benefit of parole, probation or suspension of sentence is not a constitutionally excessive sentence. See State v. Parker, 416 So.2d 545 (La.1982).
In the imposition of such a sentence, the trial judge is devoid of discretion. He must follow the legislative mandate and, of course, the jury's recommendation after the sentencing phase of the trial. See LSA-R.S. 14:30(C) and also State v. Prestridge, 399 So.2d 564 (La.1981).
For these reasons, we affirm the conviction and sentence.
AFFIRMED.